# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TAYLOR HAYES,**

**Plaintiff,**

**-vs-**                                             **Case No. 6:12-cv-1880-Orl-28DAB**

**STARBUCKS,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **December 18, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be dismissed, without prejudice.**

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark*, 915 F.2d at 639 (internal citation omitted).  Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed.  *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than

an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of

a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.  The Complaint filed here does not meet these

standards.

> The Complaint, in its entirety, reads as follows:
>
> On July 5th, 2010 [,] I was given an interview by manager Erica Overby.  This interview was for the Barista position at Starbucks at 10300 West Colonial Drive Orlando, Fl. 32818.  It was an excellent interview that I was excited about.  [S]he even told me to give her a call back about my hours while I was beginning school.  After our conversation about my hrs and her promise to contact me thereafter, she stopped calling.  After not hearing from her after she informed me that she would, I contacted her.  On July 22, 2010 when I spoked [sic] to her our conversation was and still is something I won't forget.  Erica Overby's comment to me that I was "urban and fit more in an urban enviornment"[sic] left me flabbergasted, disconcert [sic], and taken aback.  I have never been more disrepected [sic]and blatantly discriminated against in my life.

(Doc. 1).

It It may As is clear, no cause of action is stated.  The plaintiff, whose race and gender are not alleged,

asserts only that he (or she) applied for a job, had a good interview, was not called back as promised,

and received a comment that he took to be disrespectful.  Plaintiff does not allege any damages

resulting from this experience, and seeks no form of relief from the Court.  To the extent that Plaintiff

is merely expressing outrage at a perceived insult, this, alone, is not enough to invoke the limited

jurisdiction of this Court.

It may be that Plaintiff is attempting to state a cause of action for discrimination, pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Title VII provides that "[i]t shall be an

unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex,

or national origin...." 42 U.S.C. § 2000e–2(a).  Under the framework adopted by the Supreme Court

in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a

plaintiff establishes a prima facie case of discrimination in violation of Title VII by showing: (1) he

or she is a member of a protected class; (2) he was subjected to adverse employment action; (3) his

employer treated similarly situated employees who are not members of the plaintiff's class more

favorably; and (4) he was qualified for the job or job benefit at issue.  *Rice-Lamar v. City of Ft.*

*Lauderdale, Fla.*, 232 F.3d 836, 842 -843 (11th Cir. 2000).  Although a Title VII complaint need not

allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must still provide

'enough factual matter (taken as true) to suggest' intentional discrimination. *Davis v. Coca–Cola*

*Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).  *See also Edwards v. Prime, Inc.*, 602 F.3d

1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title

VII hostile work environment claim).  If Plaintiff is attempting to assert such a claim, the instant

Complaint does not meet this standard.

Plaintiff asserts that he was discriminated against by being told that he was "urban."  The word

"urban," however, in and of itself, merely refers to a city environment.  Absent any allegations which

could place this comment in a discriminatory context,[1] Title VII is not implicated as urbanites (city

dwellers) are not a protected class as defined by the Act.  Moreover, the sparse allegations in the

Complaint do not set forth enough information to otherwise meet the pleading standard.  It is not

clear, for example, if the discrimination Plaintiff is alleging is the isolated use of a word that he

apparently considers to be a slur (which is likely not actionable, in and of itself), or if his claim is

---

[1]This could include allegations regarding the race of the parties, to the extent Plaintiff's position is that "urban" is code for "black."

based on not getting the job due to his race/gender/national origin, and the comment was evidence of the alleged discrimination.  In order to state a cause of action under Title VII, Plaintiff must plead sufficient facts to support an inference that he suffered an adverse employment action (such as not getting a job he was otherwise qualified for) based on intentional racial, gender or other protected class discrimination.

The Complaint must be dismissed for another reason.  As a condition precedent to the right to file a civil action under Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful employment practice and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge.  *See Vason v. City of Montgomery*, 86 F.Supp.2d 1130, 1132 (M.D. Ala. 2000), *aff'd*, 240 F.3d 905 (11th Cir. 2001) (holding charge must be made under oath or affirmation); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies" and "[t]he first step . . . is filing a timely charge of discrimination with the EEOC."); *Forehand v. Florida State Hosp.*, 89 F.3d 1562, 1567–1568 (11th Cir.1996). This Complaint fails to plead that Plaintiff has satisfied the condition precedent to bringing a Title VII claim.

It may be that Plaintiff is not attempting to state a cause of action under Title VII at all, but seeks to state a different claim.  This pleading, however, fails to state a cognizable claim within the limited jurisdiction of this court and is therefore frivolous within the meaning of Section 1915.  It is respectfully recommended that the motion be **denied**, the Complaint be **dismissed**, and Plaintiff be given an opportunity to file an Amended Complaint which states a cause of action and a renewed application to proceed *in forma pauperis* (or pay the filing fee), within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 21, 2012.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy